**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LaTrina Harris, | No. CV-25-03853-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Babbitt & Johnson PA, et al., | |
| Defendants. | |

In early October 2025, plaintiff LaTrina Harris sent directly to a judge's chambers a document titled "Memorandum of Law in Support of Motion to Compel." (Doc. 1.) The Clerk's Office was instructed to construe that document as a complaint and opened this case. One week later, Harris filed a "Motion to Compel and For Finding of Non-Compliance." (Doc. 5.) At the same time as that filing, Harris filed a "Notice of Non-Compliance" explaining her submissions were "for filing in the . . . Multi-District Litigation before the Honorable Judge David G. Campbell." (Doc. 6 at 1.) Harris requested the Clerk of Court file her notice "in the official docket for MDL No. 2641," but the notice was filed in this current case instead of the MDL. (Doc. 6 at 1.) Finally, on November 18, 2025, Harris filed an application to proceed in forma pauperis. (Doc. 9.) That application is granted but the complaint is dismissed.

Based on her filings in the present case and a review of court records, Harris was the named plaintiff in a case filed in 2016. CV-16-261-PHX-DGC. In that case, Harris was represented by the law firm of Babbitt & Johnson, P.A. CV-16-261-PHX-DGC, Doc. 1 at

4. Harris's case became a member case of the MDL that was being handled by Judge Campbell. On January 13, 2020, Judge Campbell granted a stipulation dismissing Harris's case (along with many others). CV-16-261-PHX-DGC, Doc. 3. It appears the present case stems from Harris's dissatisfaction with the amount she received in connection with settling her prior case.

In the document that was filed as a complaint, Harris alleges she has "repeatedly requested, but has not received, an itemized breakdown gross settlement allocation, deductions for fees and expenses, and net recovery." (Doc. 1 at 1.) Harris alleges a law firm known as Freese & Goss was impermissibly identified as co-counsel on the "settlement statements" she received. (Doc. 1 at 2.) And Harris alleges her "total points were arbitrarily reduced, depriving her of additional compensation she was entitled to." (Doc. 1 at 2.) Finally, a third firm known as Matthews & Associates is referenced but only in connection with Harris alleging that firm told her she "was not entitled to an itemization of expenses." (Doc. 1 at 2.) Based on these events, Harris requests the court "grant the Motion to Compel and order" defendants explain how her settlement amount was calculated. (Doc. 1 at 2-3.) The document that was filed as Harris's complaint likely does not establish federal jurisdiction and, even if jurisdiction exists, Harris has not stated a claim for relief.

Beginning with jurisdiction, Harris has not established the named defendants are citizens of different states than her and more than $75,000 is in controversy. 28 U.S.C. § 1332. Therefore, diversity jurisdiction does not exist. Nor does the complaint clearly state any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The closest it comes is alleging a "HIPAA Violation," but "HIPAA itself provides no private right of action." *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 847 (9th Cir. 2016) (simplified). Harris's passing reference to HIPAA likely is not sufficient to invoke federal jurisdiction but, even assuming jurisdiction exists, the complaint does not state any claim for relief.

A complaint must contain a "short and plain statement of the claim showing that the

[plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Mann v. City of Tucson, Dep't of Police*, 782 F.2d 790, 793 (9th Cir. 1986) ("wholly vague and conclusory allegations are not sufficient" to state a plausible claim for relief). To the extent Harris is attempting to sue individuals or law firms for the handling of her settlement, she does not provide sufficient factual allegations explaining what each defendant did. Harris's complaint contains only conclusory statements that fall well short of identifying "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). The complaint is dismissed.

Harris is not granted leave to amend because she would not be able to establish the existence of federal jurisdiction for a separate lawsuit. Although not clear, Harris appears to be complaining that the defendant law firms mishandled approximately twenty thousand dollars. If that is the amount Harris is seeking to recover, she cannot proceed in federal court under diversity jurisdiction. And there is no obvious basis for federal question jurisdiction based on an attorneys' fees dispute between Harris and the law firms she names.

Leave to amend in the current case would be futile but Harris may be able to file a request for relief in the MDL case. Although that case is closed, it is possible Judge Campbell would have jurisdiction to resolve a dispute between Harris and her counsel if he chose to exercise his discretion in that manner. If Harris wishes to file something in the MDL, she must send the appropriate documents to:

> United States District Court District of Arizona - Phoenix Division
> Sandra Day O'Connor U.S. Courthouse, Suite 130
> 401 West Washington Street, SPC 1
> Phoenix, AZ 85003-2118

Those documents must reference the MDL case number of 15-2641-PHX-DGC. Harris

must not send any documents directly to a judge's chambers and any future correspondence sent directly to a judge's chambers may be discarded without any action.

Finally, the document titled "Motion to Compel and For Finding of Non-Compliance" seeks an order requiring "Matthews & Associates and Babbit & Johnson, P.A. to produce [Harris's] complete client file and settlement-related documentation." (Doc. 5 at 1.) Harris has not stated any claims for relief, so there is no basis for the court to order the relief Harris seeks. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

**IT IS ORDERED** the Application (Doc. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** the Motion to Compel (Doc. 5) is **DENIED**.

**IT IS FURTHER ORDERED** the complaint is **DISMISSED WITHOUT LEAVE TO AMEND.** The Clerk of Court is directed to enter a judgment of dismissal without prejudice and close this case.

Dated this 2nd day of December, 2025.

Honorable Krissa M. Lanham
United States District Judge